IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Miller, individually and as Parent and Next Friend of J.M., a minor,<br><br>    Plaintiff,<br><br>  v.<br><br>Columbia Sussex Corporation and Columbia Properties Myrtle Beach, LLC, d/b/a Marriott Myrtle Beach & Spa at Grand Dunes,<br><br>    Defendants. | **COMPLAINT**<br>(Jury Trial Requested) |

Plaintiff John Miller, individually and as Parent and Next Friend of J.M., a minor, hereby complains of Defendants Columbia Sussex Corporation and Columbia Properties Myrtle Beach, LLC, d/b/a Marriott Myrtle Beach & Spa at Grand Dunes, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is a civil action for damages arising out of an incident in which Plaintiff's minor son, J.M., was injured when shower glass at the Marriott Myrtle Beach & Spa at Grand Dunes in Horry County, South Carolina, shattered and severely lacerated him.

2. Plaintiff John Miller is the natural and legal parent of the minor Plaintiff J.M., both of whom are citizens of and domiciled in Maryland.

3. Defendant Columbia Properties Myrtle Beach, LLC, is a limited liability company that exists pursuant to the laws of Kentucky and maintains its principal place of business in Kentucky.

4. Columbia Properties Myrtle Beach, LLC, owns and operates the Marriott Myrtle Beach & Spa at Grand Dunes ("the Marriott"), located at 8400 Costa Verde Drive, Myrtle Beach, South Carolina 29572.

1

5. On and before July 13, 2020, upon information and belief, Defendant Columbia Properties Myrtle Beach, LLC, operated the Marriott pursuant to a licensing agreement with Marriott International, Inc.

6. Defendant Columbia Sussex Corporation is a corporation that exists pursuant to the laws of Kentucky and maintains its principal place of business in Kentucky.

7. On and before July 13, 2020, upon information and belief, pursuant to a management agreement with Defendant Columbia Properties Myrtle Beach, LLC, Defendant Columbia Sussex Corporation managed the Marriott.

8. The Court has personal jurisdiction over Defendants in this civil action, as Defendants own, operate, and manage the Marriott in Horry County where the minor J.M. sustained the injuries giving rise to this action, and did so on the date of the incident.

9. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity among the parties and Plaintiff's damages exceed Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

10. Pursuant to 28 U.S.C. § 1332(b)(2) and Local Civil Rule 3.01(A)(1) (D.S.C.), venue is proper in the Florence Division because a substantial part of the acts and omissions giving rise to this claim occurred within the Division, and because both Defendants do business related to this incident within the Division.

**FACTS**

11. On July 13, 2020, fourteen-year-old J.M. was staying in a room at the Marriott.

12. Plaintiff was also staying at the hotel and had properly paid for J.M.'s stay.

13. The shower in the hotel room's bathroom had a swinging glass door.

14. As J.M. was stepping out of the shower and closing the glass door, the glass suddenly shattered into countless jagged, sharp fragments that caused numerous lacerations to much of J.M.'s body, most prominently to his left arm, left knee, and right heel.

15. All of the lacerations caused pain, discomfort, and mental anguish, and all required medical treatment.

16. The lacerations to J.M.'s left arm have resulted in severe nerve damage that limits and will permanently limit the feeling and range of motion of the left hand and wrist.

17. J.M. has and will continue in the future to experience great physical pain and suffering, scarring, mental anguish, and loss of enjoyment of life.

18. As a direct and proximate result of the incident and J.M.'s injuries, Plaintiff has and will continue to incur medical expenses on behalf of his son, J.M.

19. As a direct and proximate result of the incident, J.M. will likely incur additional medical expenses after he becomes legally responsible for his medical expenses upon emancipation.

20. Prior to this incident, Defendants had become aware from prior incidents and other circumstances that the shower glass in the Marriott's hotel rooms posed a risk of shattering and injuring hotel guests.

21. Despite their prior knowledge, Defendants failed to take reasonable actions to prevent this incident and the resulting injuries to J.M.

**FIRST CAUSE OF ACTION**
(Negligence/Recklessness)

22. Both Defendants owned, possessed, and/or controlled the hotel room in the Marriott where J.M. was staying.

23. J.M. was an invitee of both Defendants.

24. Both Defendants owed Plaintiff and J.M. a duty to reasonably inspect for, discover, maintain, and remedy unreasonably dangerous conditions in the hotel room, including the shower door.

25. Defendants' breached their duty to use due care, or even slight care, and both were negligent, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

   a. failing to reasonably inspect for, discover, and remedy the defective glass shower door in J.M.'s hotel room;

   b. failing to provide reasonable warning to either J.M. or Plaintiff of the danger posed by the glass shower door, about which Defendants were aware but neither J.M. nor Plaintiff was aware;

   c. failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

   d. acting with conscious disregard for the safety of its guests, including J.M.; and

   e. committing such other and further acts and omissions as discovery may reveal and the evidence at trial may show.

26. Columbia Properties Myrtle Beach, LLC, is vicariously liable for the acts and omissions of its agent, Defendant Columbia Sussex Corporation.

27. On behalf of J.M., Plaintiff is entitled to recover from Defendants, jointly and severally, all actual, consequential, and incidental damages caused by Defendants' acts and omissions.

28. Plaintiff is also entitled to recover from Defendants, jointly and severally, all past and future medical and other expenses incurred by Plaintiff on J.M.'s behalf.

29. Individually and on behalf of J.M., Plaintiff is entitled to an award of punitive damages against Defendants, jointly and severally.

30. Individually, Plaintiff is entitled to an award of prejudgment interest on his liquidated damages against Defendants, jointly and severally.

WHEREFORE, having fully pleaded against Defendants, Plaintiff respectfully prays that the Court enter judgment against Defendants, jointly and severally, for all actual, consequential, and incidental damages caused by Defendants' acts and omissions; for punitive damages; for prejudgment interest; for the costs of this action; and for such other and additional relief as the Court deems just and proper.

Respectfully submitted,

**YARBOROUGH APPLEGATE LLC**

*s/ David B. Yarborough, Jr.*
David B. Yarborough, Jr. (I.D. No. 7336)
Reynolds H. Blankenship, Jr. (I.D. No. 9886)
291 East Bay Street, Second Floor
Charleston, SC 29401
843-972-0150 office
843-277-6691 fax
david@yarboroughapplegate.com
reynolds@yarboroughapplegate.com

*Attorneys for Plaintiff*

February 25, 2021